**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**NANCY OAKES,**

                              **Plaintiff,**

                v.                                    3:20-CV-269
                                                        (FJS/ML)

**THE CHEESECAKE FACTORY**
**RESTAURANTS, INC.,**

                              **Defendant.**
_____

**APPEARANCES**                                                       **OF COUNSEL**

**LAW OFFICE OF RONALD R. BENJAMIN**        **RONALD R. BENJAMIN, ESQ.**
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
Attorneys for Plaintiff

**SOBEL PEVZNER, LLC**                             **BELLA PEVZNER, ESQ.**
30 Vesey Street, 8th Floor                                  **JOSEPH SAM FRITZSON, ESQ.**
New York, New York 10007
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Pending before the Court is Plaintiff's motion to remand this case to state court. *See* Dkt. No. 6. Plaintiff claims that the amount in controversy does not exceed $75,000; and, thus, the Court does not have subject-matter jurisdiction over this case. *See id.*

## II. BACKGROUND

On or about February 2, 2019, Nancy Oakes ("Plaintiff") and her family ordered dinner at The Cheesecake Factory restaurant ("Defendant") located at 306 Hiawatha Boulevard, West Space J-112, Syracuse, New York 13290. *See* Dkt. No. 2, Compl. at ¶¶ 3-4. Plaintiff claims that she was served the wrong meal twice before finally being served the correct meal, a mushroom burger. *See id.* at ¶ 4. She alleges that her mushroom burger was rushed out to her due to the delay caused by the prior errors. *See id.* Plaintiff asserts that, over the course of several days after finishing her meal, she developed a severe rash over her entire body, including her face, along with swollen fingers, fatigue, muscle pain, hives, retention of fluids, intense itching, loss of sleep, and extremely low blood pressure. *See id.* at ¶ 5. On February 7, 2019, Plaintiff sought medical treatment for these symptoms, and she was prescribed an extended round of steroids. *See id.* at ¶ 6. On or about March 28, 2019, while still suffering from the above-listed symptoms, Plaintiff again sought medical treatment, and she was diagnosed with "shiitake mushroom dermatitis." *See id.* at ¶ 7. In addition to great pain and suffering, Plaintiff further alleges that she suffered extreme mental and emotional distress, anxiety, and fear of additional adverse medical consequences. *See id.* at ¶¶ 10-11.

On September 10, 2019, Plaintiff filed the instant action against Defendant in New York State Supreme Court, Tioga County, where she is a resident. *See generally id.* Plaintiff asserted the following three causes of action: (1) negligence, (2) strict liability, and (3) breach of express and implied warranty. *See id.* at ¶¶ 13-34. On March 10, 2020, Defendant filed a Notice of Removal from New York State Supreme Court to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. § 1441. *See* Dkt. No. 1, Notice of Removal, at 1. To support its Notice of Removal, Defendant attached Plaintiff's response to its

"Notice to Admit," in which Plaintiff "admit[ted] the damages sought in this action may exceed $75,000." *See* Dkt. No. 1-2, Ex. B, Notice to Admit.

### III. DISCUSSION

#### A. Amount in controversy

A removed case must be remanded if, at any time before final judgment, it appears that the district court lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). The Court has subject-matter jurisdiction based on diversity of citizenship so long as the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The parties concede that they are citizens of different states but dispute whether the amount in controversy requirement is met.[1]

"[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994) (citation omitted). Defendant, as the removing party, bears the burden of proving that it would appear to "a reasonable probability" that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See, e.g.*, *Kidney v. Webster*, 3:16-CV-0831 (LEK/DEP), 2017 WL 758508, *3 (N.D.N.Y. Feb. 27, 2017); *United Food & Commercial Workers Union, Local 919,AFL-CIO v. Centermark*

---

[1] Plaintiff is a citizen of Tioga County, New York, and Defendant is a foreign corporation with its principal place of business at 26901 Malibu Hills Road, Calabasas, California 91301. *See* Dkt. No. 11, Def's Aff. in Response, at ¶ 14.

*Props. Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

Here, Plaintiff did not allege a specific amount in controversy, noting that New York Civil Practice Law and Rules § 3017(c) prohibits personal injury complaints from stating the amount of damages claimed. *See* Dkt. No. 6-2, Pl's Memorandum in Support, at 1, n.1. Defendant argues that, in response to its Notice to Admit, Plaintiff admitted that the amount in controversy exceeds $75,000. *See* Dkt. No. 11 at ¶ 8 (citing Dkt. No. 11-1, Ex. A, Notice to Admit). Defendant does not provide any other support for its contention. *See generally id.*; Dkt. No. 1.

In this Circuit, courts have found that defendants have not met their burden to show that there is a reasonable probability that the amount in controversy exceeds $75,000 when the plaintiff fails to respond to the Notice to Admit. *See Remy v. Savoie*, No. 17-CV-00663 (DLI) (RER), 2017 WL 639251, *2 (E.D.N.Y. Feb. 16, 2017). In *Remy*, the defendants argued that the plaintiff's failure to respond to the Notice to Admit amounted to an admission that the amount in controversy exceeded $75,000. *See id*. The court rejected that argument, holding the following:

> [T]o infer from Plaintiff's silence that the amount in controversy is met does not come close to meeting the "reasonable probability" threshold necessary to satisfy the amount in controversy element of diversity jurisdiction. The Second Circuit has held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Thus, Plaintiff's failure to respond to requests conceding that the amount in controversy exceeds $75,000 is insufficient to establish that the jurisdictional amount is satisfied. …

*Id.* (citations omitted).

In this case, Defendant did not point to any facts in Plaintiff's complaint that would show damages for her physical or emotional suffering exceeding $75,000. *See generally* Dkt. No. 1. Instead, Defendant merely attached Plaintiff's response to its Notice to Admit, in which Plaintiff stated that "the damages sought in this action *may* exceed $75,000." *See* Dkt. No. 1-2, Ex. B (emphasis added). This response neither expressly admits nor denies that Plaintiff's damages exceed the amount in controversy requirement.[2] The Court finds that Plaintiff's response is essentially the same as no response, and it certainly does not reach the level of explicit specificity discussed in *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). The Court thus applies the reasoning in *Remy* to find that, in relying on Plaintiff's response to its Notice to Admit and nothing else, Defendant has not met its burden of proving to a degree of "reasonable probability" that the amount in controversy exceeds $75,000.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remand, *see* Dkt. No. 6, is **GRANTED** because the Court does not have subject-matter jurisdiction over this case; and the Court further

---

[2] Notably, in Plaintiff's Memorandum of Law, she appears to deny that the damages she seeks are in excess of $75,000. *See* Dkt. No. 6-2 at 4 (stating, "Plaintiff respectfully requests that the instant proceedings be remanded to the Tioga County Supreme Court pursuant to 28 USC 1446(c)(2) and 28 USC 1447(c) for failure to establish the damages sought are in excess of $75,000, **which plaintiff denies** …") (emphasis added). Defendant did not address this denial in its Affirmation in Opposition and relies solely on Plaintiff's response to its Notice to Admit to show that the Court has jurisdiction. *See generally* Dkt. No. 11.

- 6 -

**ORDERS** that the Clerk of the Court shall mail a certified copy of this Memorandum-Decision and Order to the Clerk of the New York State Supreme Court, Tioga County, as 28 U.S.C. § 1447(c) requires.

**IT IS SO ORDERED.**

Dated: June 2, 2020
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge